UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN GASCA E.
DE LOS M.,

     Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION,

     Defendant.

_____/

Case No. 2:23-cv-10685
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## <u>REPORT AND RECOMMENDATION</u><br><u>TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 5)</u>[1]

### I.     Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Benjamin Gasca

E. de los M. (Gasca), proceeding *pro se* and *in forma pauperis*, filed a complaint

naming the Federal Bureau of Investigation (FBI) as defendant.  Gasca alleges that

the FBI has violated his Fourth Amendment rights because it has "neglected to

perform their duty," "failed to protect the plaintiff from mental abuse or

unreasonable/excessive psychological force or psychological harassment," and has

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).  *See also* ECF No. 8 – Notice of Determination of Motion without Oral Argument.

committed a "violation of privacy by internet." (ECF No. 1, PageID.1). He seeks money damages. (*Id.,* PageID.9). Pretrial proceedings have been referred to the undersigned. (ECF No. 7).

As will be explained, Gasca filed a virtually identical complaint in this district against the FBI and others which was dismissed. *See Gasca v. Fed. Bureau of Investigation, et al.*, No. 22-10978 (E.D. Mich. Jan. 18, 2003), *report and recommendation adopted sub nom*, 2023 WL 1819149 (E.D. Mich. Feb. 8, 2023) ("*Gasca I*").[2] Before the Court is the FBI's motion to dismiss, contending that Gasca's complaint in this case has the same defects which resulted in the dismissal of the complaint in *Gasca I*. The motion is fully briefed, (ECF Nos. 6,[3] 9), and ready for determination. For the reasons that follow, it is RECOMMENDED that FBI's motion be GRANTED and the case be DISMISSED WITH PREJUDICE.[4]

---

[2] A review of the Court's electronic case system reveals that after *Gasca I*, Gasca filed a second complaint in this district against the Michigan Department of Civil Rights, alleging similar instances of psychological harassment. *Gasca v. Mich. Dept. of Civil Rights*, No. 23-10683 (*Gasca II*). The defendant filed a motion to dismiss, ECF No. 5, which the magistrate judge recommended be granted, ECF No. 10. The district court adopted the recommendation and dismissed the complaint. (ECF No. 12).

[3] In Gasca's response, he simply states that he opposes the motion and asks that it be denied. (ECF No. 6). He does not substantively respond to the FBI's arguments.

[4] In *Gasca I*, the FBI moved to dismiss the complaint with prejudice. However, the magistrate judge recommended that the complaint be dismissed as to the FBI without prejudice for failure to state a plausible claim. Because the FBI did not

II.     Analysis

A.     Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."

---

object to the report and recommendation, the district court dismissed the complaint as to the FBI without prejudice.  Here, because Gasca was informed of the shortfalls of his complaint in *Gasca I* and filed a virtually identical complaint without curing any of the defects noted in *Gasca I*, it is recommended, as the FBI requests, that the complaint be dismissed with prejudice.

*16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

B.     Discussion

As an initial matter, Gasca's complaint invokes 42 U.S.C. § 1983, which governs violations of constitutional rights by "a person acting under color of state law." *See Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). As Gasca was informed of in *Gasca I*, the FBI is not subject to § 1983 suits because it is not a state actor. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016).

The undersigned will therefore evaluate his claims under *Bivens v. Six*

4

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A

*Bivens* action "allows civil rights claims against federal officials that are analogous

to those brought against state officials under 42 U.S.C. § 1983." *Hill v. Lappin*,

630 F.3d 468, 471 (6th Cir. 2010). "To succeed on a *Bivens* action, a plaintiff must

first establish a constitutional violation." *Id*.

As the FBI points out, and as stated in *Gasca I*, "*Bivens* actions have not

been expanded to cover the federal agencies themselves." *Gasca I,* ECF No. 15,

PageID.139, citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Thus, as in

*Gasca I*, Gasca cannot bring a *Bivens* claim against the FBI.

Further, even if he could, Gasca's allegations do not fit within the confines

of the Fourth Amendment. The Fourth Amendment to the United States

Constitution states:

> The right of the people to be secure in their persons, houses, papers, and
> effects, against unreasonable searches and seizures, shall not be
> violated, and no Warrants shall issue, but upon probable cause,
> supported by Oath or affirmation, and particularly describing the place
> to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

As in *Gasca I*, Gasca has not alleged that the FBI searched or seized any of

his person or property. He alleges the contrary – that the FBI has taken no action

at all and/or has failed to prevent the alleged harms to him. These allegations are

insufficient to make out a Fourth Amendment violation.

III.    Conclusion

For the reasons stated above, it is RECOMMENDED that the FBI's motion to dismiss, (ECF No. 15), be GRANTED and the complaint be DISMISSED WITH PREJUDICE.

Finally, given that this is Gasca's third complaint filed in this district, it is RECOMMENDED that Gasca be cautioned that if he files another substantially similar complaint against similar defendants as in *Gasca I*, *Gasca II* or this case, he could face monetary and injunctive sanctions as the Court deems appropriate.


Dated: October 30, 2023                              s/Kimberly G. Altman
Detroit, Michigan                                    KIMBERLY G. ALTMAN
                                                     United States Magistrate Judge


**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

6

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2023.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager

7